## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-21-190-D |
| | ) | |
| EDDIE WAYNE MORRISON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the United States' Motion to Exclude Time Pursuant to the Speedy Trial Act [Doc. No. 25]. Defendant did not file a response. The matter is now at issue.

When a defendant pleads not guilty, the Speedy Trial Act requires that a criminal trial commence within seventy days of the filing of the indictment or the defendant's appearance, whichever occurs later. 18 U.S.C.A. § 3161(c)(1). The Speedy Trial Act excludes from this requirement any period of delay resulting from certain events, including the filing of a pretrial motion, *id*. at § 3161(h)(1)(D) and "any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." *Id.* at § 3161(h)(1)(A). For the exception under § 3161(h)(1)(A), the excluded time "'generally runs from the date the motion is filed seeking the examination to the date the matter is taken under advisement after receipt by the court of results and briefs and completion of any hearings.'" *United States v. James*, 418 F. App'x 751, 753 (10th Cir.

2011) (unpublished) (citation omitted).

Here, the United States seeks to exclude from the Speedy Trial calculation the period of delay resulting from the filing of its pretrial motion for detention and resulting from proceedings to determine Defendant's mental capacity. Defendant was arraigned on August 12, 2021, and an order for temporary detention pending a detention hearing was entered [Doc. Nos. 5, 6]. The detention hearing was held on August 16, 2021 before Judge Mitchell, who sua sponte ordered a competency evaluation [Doc. No. 12]. Following a competency hearing on September 14, 2021, Judge Mitchell held that Defendant was presently suffering from a mental disorder rendering him mentally incompetent and ordered him committed to the custody of the Attorney General for hospitalization and treatment at a suitable facility [Doc. No. 21]. In that same order, Judge Mitchell ruled that "[a]ny periods of delay resulting from these proceedings are excluded from time computations under the Speedy Trial Act." Doc No. 21 at 4.

The Court likewise concludes that, pursuant to 18 U.S.C.A. § 3161(h)(1)(A) and (D), the period of delay resulting from the filing of the pretrial motion for detention and the competency proceedings are excluded from the computations under the Speedy Trial Act. Accordingly, the Speedy Trial Act was tolled on August 12, 2021 when the United States moved for pretrial detention at Defendant's arraignment. The Speedy Trial clock will restart after the Court determines whether Defendant is competent to stand trial.

**IT IS SO ORDERED** this 14th day of February, 2021.

*[signature]*

TIMOTHY D. DeGIUSTI
Chief United States District Judge